GLOBE INDEMNITY CO. *v.* THE JACKSON MILL &
LUMBER CO.

*Suretyship—Contract to construct dwelling—Surety liable to
materialman upon principal contractor's default.*

Under bond securing performance of contract to construct
dwelling, providing that it shall be void if principal pays
all lawful claims of materialman, otherwise to remain
in effect, materialman may sue surety for value of
materials used in construction on default of principal,
since provisions of the bond and not the character of the
contract determine surety's liability.

(Decided January 21, 1927.)

ERROR: Court of Appeals for Jackson county.

*Messrs. Vorys, Sater, Seymour & Pease,* for
plaintiff in error.
*Messrs. Willis & Jones,* for defendant in error.

MIDDLETON, J. It appears from the record in this
proceeding that one Thomas W. Washam, Jr.,
entered into a contract with one O. B. Hankie,
whereby the latter agreed to build for the former
a dwelling house in Jackson, Ohio, for the sum of
$6,000. It further appears from the evidence that

there were no plans or specifications provided for in the contract except that the house to be built was to be a duplicate of another house located in the same city. The performance of this contract by Hankie was secured by a bond of the plaintiff in error, which bond contained among other provisions the following covenant:

"Now, if the said principal shall perform the said contract on the principal's part to be performed in accordance with the terms of said contract and shall pay all lawful claims of subcontractors, materialmen and laborers for the labor performed and materials furnished in the carrying forward, performing or completing of said contract, then this obligation shall be void; otherwise the same shall remain in full force and effect."

Defendant in error herein, the Jackson Lumber Company, instituted this action against the contractor, as principal, and the Globe Indemnity Company, as surety, to recover on an account for lumber furnished to said contractor and used in the construction of the Washam house. The lumber company recovered a judgment in the court below for substantially the amount it claimed. The indemnity company is here asking for a reversal of that judgment upon the ground, first, that the lumber company under the covenant in the bond aforesaid had no right of action against it for the lumber so furnished.

It is contended by the indemnity company that under the authority of *Cleveland Metal Roofing & Ceiling Co.* v. *Gaspard,* 89 Ohio St., 185, 106 N. E., 9, L. R. A., 1915A, 768, Ann. Cas., 1916A, 745, the lumber company may not maintain this action. It

is urged further in support of this contention that there is and must be a clear distinction made between the rights of materialmen under private contracts and their rights under public contracts. On the other hand, the lumber company relies upon the more recent case of *Royal Indemnity Co.* v. *Northern Ohio Granite & Stone Co.*, 100 Ohio St., 373, 126 N. E., 405, 12 A. L. R., 378, wherein the Supreme Court in its opinion not only expressly disapproves the doctrine of the Gaspard case, but in the syllabus states that the Gaspard case is overruled. Now while it may be true that the Gaspard case dealt with a controversy growing out of an alleged liability on a bond given to secure the performance of a private contract, while in the Granite Company case a public contract was involved, the Supreme Court in the later case made no such distinction as it is urged should be made here, and we are therefore bound to assume that the court did not recognize the distinction claimed. In the case of *Cleveland Ry. Co.* v. *Heller*, 15 Ohio App., 346, Judge Vickery, at page 353 of that volume, in discussing the effect of the decision in the Granite Co. case on the former holding of the court in the Gaspard case, said:

"This expressly overrules the decision in the Gaspard case, *supra,* and the court states in the syllabus that it overrules that case.

"So that brings us to the conclusion that the doctrine as now established in Ohio is that a party for whose benefit a contract is made may maintain a suit on that contract, whether he was a party to it or not, or whether he knew of the contract for his benefit when he entered into the contract relations and performed the services for which he

might hold the party who so contracted personally responsible to him.''

We are in accord with the conclusions thus stated in respect to the cases cited, and must regard the Granite Company case as authority for the maintenance of the instant action against the indemnity company, and hold that the provisions and conditions of the bond and not the character of the contract determine the surety's liability.

The case of *National Surety Co.* v. *Brown-Graves Co.* (C. C. A.), 7 F. (2d), 91, which the indemnity company relies on as authority for its contention in the instant case, rested upon facts wholly different from those involved here, and we cannot regard it as having any bearing on the rights of the parties under the provisions in the bond before us.

*Judgment affirmed.*

MAUCK, P. J., and SAYRE, J., concur.